# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PAUL CRISWELL**                                                                                   **PLAINTIFF**

v.                              **CASE NO. 4:21-CV-00461-BSM**

**NATHAN JOHNSTON**                                                                         **DEFENDANT**

## ORDER

Nathan Johnston's motion for summary judgment [Doc. No. 54] is granted because he is immune from suit and because Paul Criswell has failed to establish that Johnston violated his constitutional right to due process. Accordingly, Criswell's motion for summary judgment [Doc. No. 67] is denied, Johnston's motion to continue [Doc. No. 75] is denied as moot, Criswell's motion for leave to file late pretrial disclosures [Doc. No. 77] is denied as moot, and this case is dismissed with prejudice.

## I. BACKGROUND

Paul Criswell is suing Bryant Police Officer Nathan Johnston for issuing him a traffic ticket outside of his presence. Compl. at 4–5, Doc. No. 1. This case stems from a traffic stop initiated by Johnston on a car driven by Criswell in which Lisa Jordan was a passenger. When Johnston stopped Criswell, Johnston ran a check on the licenses of Criswell and Jordan. The check of Criswell's license showed that his license was suspended and he lacked liability insurance. Pl.'s Resp. to Def.'s Mot. for Summ. J. at 1, Doc. No. 57.

Johnston issued traffic ticket #2A04224140 (the first ticket) for driving on a suspended license and for failing to maintain liability insurance, but accidentally cited Jordan

instead of Criswell. *Id.* Because Jordan had a valid driver's license, she was allowed to drive away with Criswell in the passenger seat. Minutes after their departure, Johnston realized his mistake, emailed a request to void the first ticket, and wrote ticket #2A04224141 (the second ticket) with Criswell's information. Both tickets set a court date of December 4, 2019. Def.'s Facts at ¶¶ 17, 20, Doc. No. 55. Criswell had his license reinstated days after the traffic stop. *Id.* at ¶ 11.

Criswell concedes that he knew that the first ticket, bearing Jordan's name, was meant for him, so he appeared with Jordan at the courthouse on December 4. Criswell's Dep. at 22:18–22, 25:23–25, Doc. No. 55-3; BPD November 6 Call Report, Doc. No. 55-8. When Criswell and Jordan arrived at the Bryant, Arkansas District Court, a court employee notified them that the first ticket had been reduced to a warning, and they left without entering the courtroom. *Id.* at 23:2–10. Criswell maintains that he "had no notice that a [second] citation was issued on October 27, 2019," Pl.'s Resp. to Mot. For Summ. J. at 7, but he also makes the conflicting statement that he spoke with someone at the Bryant District Court on November 6, 2019 and that person informed him that both the first ticket and second ticket had been reduced to warnings. *Id.* at 2, 6.

When Criswell failed to appear in the courtroom on December 4, his case was continued to January 15, 2020, and on December 11, the court clerk mailed him notice of his new court date. Def.'s Facts at ¶¶ 21–22. Criswell, however, did not appear on January 15 and his license was suspended again, and he was later arrested on a warrant for, among other

things, failing to appear. Morrilton Police Incident Report at 3, Doc. No. 55-12.

Criswell does not dispute that the Bryant District Court sent him notice of the January 15 court date, but states that the notice arrived sometime in February, after he had been arrested for failing to appear in court. Pl.'s Resp. to Def.'s Mot. for Summ. J. at 10. Criswell contends that if Johnston had not issued the second ticket outside of his presence, he would have had proper notice, would not have been arrested for failing to appear, and would not have lost his job due to the suspension of his license and his incarceration. Criswell is seeking $1,000,000 in damages and injunctive relief.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Johnston's motion for summary judgment is granted because qualified immunity bars Criswell's claims. Qualified immunity shields a police officer from liability unless the officer violates a constitutional or statutory right that was so clearly established that a reasonable officer would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The key issue raised herein is whether the due process clause requires that a traffic ticket be written in the presence of the driver cited by the ticket. The parties have provided no precedent establishing this right, and therefore it is not clearly established. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (for qualified immunity purposes, courts look for a controlling case or a robust consensus of persuasive authority). Moreover, it appears that the precedent weighs against Criswell's position. *See Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 994 (8th Cir. 2016) (traffic cameras that issue citations outside the presence of drivers do not *per se* violate the recipients' procedural due process rights).

Even if Johnston were not immune, summary judgment would be appropriate because Johnston did not deprive Criswell of life, liberty, or property. U.S. Const. amend. XIV, § 1; *Krentz v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000) (plaintiff must show that defendant deprived him of life, liberty, or property without sufficient process). This is true because the deprivations at issue are the second suspension of Criswell's license and his arrest for failing to appear for court on January 15, and Johnston's actions were too remote from these deprivations for him to be liable for them. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (section 1983 liability "requires a causal link to, and direct responsibility for,

the alleged deprivation of rights"). Although Johnston issued the second ticket outside of Criswell's presence, that ticket required Criswell to appear in court on December 4. Criswell actually appeared on December 4, but was informed by an unidentified person at the courthouse that the first ticket had been reduced to a warning. Viewing the evidence in the light most favorable to Criswell, it appears that he left the courthouse, without entering the courtroom, based on the statement of this person and because he was unaware of the second ticket. When this occurred, his case was continued to January 15, and a notice was mailed informing him of the new court date. The notice was delivered to Criswell in February, so he missed his court date. When he failed to appear on January 15, the judge issued a warrant for his arrest and suspended his driver's license.

All of this is very unfortunate but, while it can be argued that Johnston's actions set off a chain of unfortunate events, it is clear that Johnston's actions were too remote from the harm suffered by Criswell for him to be held liable under the Fourteenth Amendment. *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) (plaintiff must show defendant caused constitutional rights violation that damaged plaintiff).

## IV. CONCLUSION

For the foregoing reasons, Nathan Johnston's motion for summary judgment [Doc. No. 54] is granted, Paul Criswell's motion for summary judgment [Doc. No. 67] is denied, Johnston's motion to continue [Doc. No. 75] is denied as moot, Criswell's motion for leave to file late pretrial disclosures [Doc. No. 77] is denied as moot, and this case is dismissed

with prejudice.

    IT IS SO ORDERED this 27th day of June, 2023.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE